UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE THOMPSON, JULIO CESAR, MATTHEW WRIGHT, ROMERO EARNESTO MARTINEZ, VITALIY OSTAPYUK, JUSTIN TAYLOR, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>INTERNATIONAL BRICKLAYERS AND ALLIED CRAFTWORKERS UNION, LOCAL 1 OF WASHINGTON,<br><br>                Defendant. | C12-2066Z<br><br>ORDER |

THIS MATTER comes before the Court on Defendant's motion to dismiss, docket no. 15. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order:

**<u>Background</u>**

On September 17, 2012, Plaintiffs filed suit against the International Bricklayers and Allied Craftworkers Union, Local 1 of Washington ("Union") and several other

ORDER - 1

named Defendants alleging state and federal claims primarily relating to discrimination based on race. See Complaint, docket no. 2, app #1. This Court dismissed, with leave to amend, the initial Complaint for failure to state a claim. See Minute Order, docket no. 13. On March 15, 2013, Plaintiffs filed their First Amended Complaint ("Amended Complaint"). Docket no. 14.

Plaintiffs are African American, Caucasian, and Hispanic American members of the Union. Amended Complaint at ¶ 1. The Union is an independent union hall that refers its members to employers. Id. At various times, the Union referred each of the Plaintiffs to North American Terrazzo ("NAT"), which hired Plaintiffs as employees. See id. at ¶¶ 1-3, 6, 9, 12, 15.

Plaintiffs claim that they "were the victims of unlawful discriminatory policies and practices" carried out by the Union on account of their race, ethnicity, and national origin. Id. at ¶ 1. Specifically, Plaintiffs allege that they were the "victims of overt and covert discriminatory practices at NAT," and that despite repeatedly complaining to the Union about NAT and requesting the Union to file grievances, the Union failed to investigate their complaints and refused to file any grievances. Id. at ¶¶ 2, 4-17. Additionally, the Amended Complaint alleges that the Union created a hostile work environment by (1) failing to act on Plaintiffs' complaints about NAT, and (2) retaliating against Plaintiffs for complaining about racial discrimination by diminishing or eliminating their referrals to other potential employers. Id. at ¶¶ 19-20.

The Amended Complaint asserts three claims: (1) violation of the duty of fair representation pursuant to 5 U.S.C. § 7114(a)(1); (2) discrimination based on race and

ORDER - 2

national origin in violation of 5 U.S.C. § 7116(b)(4); and (3) discrimination on the basis of race in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60 et seq.  In its motion, the Union first seeks dismissal with prejudice of the claims brought by Plaintiff Matthew Wright.  The Union further moves to dismiss all remaining claims, and urges the Court to dismiss with prejudice because granting leave to amend would be futile.

**Discussion**

    A.  **Standard**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

If the Court grants a Rule 12(b)(6) motion, it "should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The standard for granting leave to amend is generous and requires consideration of five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).  In futility analysis, "[l]eave to amend is warranted if the deficiencies can be cured with additional allegations that are consistent with the

ORDER - 3

challenged pleading and that do not contradict the allegations in the original complaint." Id. (internal quotations omitted).

B. **Plaintiff Matthew Wright's Claims**

On September 17, 2012, Plaintiff Matthew Wright filed two lawsuits in King County Superior Court: (1) Wright v. North American Terrazo, International Bricklayers and Allied Craftworkers Union, Local 1, et al., 12-2-30429-7 KNT, and (2) Thompson, Wright, Romero, Martinez, Ostapyuk, and Taylor v. International Bricklayers and Allied Craftworkers Union, Local 1, et al., 12-2-30412-2 KNT. See Declaration of Kristina Detwiler, docket no. 16, at ¶ 2. The suits were removed to federal court and assigned to different judges. Id. The Wright case was assigned to Judge Robart, 12-cv-02065, and the Thompson case is the present action before this Court.

In Wright, Judge Robart dismissed with prejudice Plaintiff Wright's claims of discrimination based on race under the WLAD, which arose from the same facts underlying the instant case. See Wright v. N. Am. Terrazo, 2013 WL 441517 at *6 (W.D. Wash. Feb. 5, 2013). As a result, Wright's WLAD claim in the present action is barred by claim preclusion, see Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051-52 (9th Cir. 2005), and is therefore DISMISSED with prejudice.

Plaintiff's remaining claims in the Wright case were also dismissed with prejudice pursuant to a stipulated voluntary dismissal under Fed. R. Civ. P. 41(a). See Detwiler Decl., docket no. 16, at ¶ 4, Ex. C. "[A] stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same

ORDER - 4

court." Headwaters, 399 F.3d at 1052.  All claims in the instant case arise out of the same transactional nucleus of facts as the Wright case and would require the presentation of substantially the same evidence.  See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (listing criteria for claim preclusion and deeming whether the cases arise from the same nucleus of fact as "the most important").  Therefore, all of Wright's claims in the instant suit are barred by claim preclusion and DISMISSED with prejudice.  See id. at 1201 (claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties") (internal quotation and citation omitted).

### C. First and Second Claims under the FSLMRS

Plaintiffs assert claims for violations of the Federal Service Labor and Management Relations Statute ("FSLMRS"), 5 U.S.C. § 7101 et seq.  See Amended Complaint at ¶¶ 1, 29, 35.  The FSLMRS governs collective bargaining rights of federal employees, and it is only applicable to labor organizations whose members are employees of federal agencies or several other federal institutions.  5 U.S.C. §§ 7103(a)(2), (4).  However, Plaintiffs do not allege facts supporting the proposition that the Union is a "labor organization" within the meaning of the FSLMRS, nor that they were employees of a federal agency.  To the contrary, Plaintiffs allege that they were employed by NAT, a private company.  See Amended Complaint at ¶¶ 1-3, 6, 9, 12, 15.  The Court concludes that Plaintiffs fail to allege facts that state a plausible claim under the FSLMRS and cannot cure this defect by alleging new facts that are consistent with the Amended Complaint.  Accordingly, these claims are DISMISSED with prejudice.

ORDER - 5

D. **Third Claim under WLAD**

Plaintiffs' also claim discrimination on the basis of race in violation of WLAD, RCW 49.60 et seq. The Union argues that this claim is preempted by Section 9 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159, because the claim is properly characterized as an alleged breach of the Union's duty of fair representation.

Section 9 of the NLRA authorizes a union to act as the exclusive bargaining representative of its members. 29 U.S.C. § 159(a). The exclusivity of representation imposes a duty on the union to fairly represent each member "without hostility or discrimination." Vaca v. Sipes, 386 U.S. 171, 177 (1967). "The duty of fair representation applies to all representational activity in which the union engages." Madison v. Motion Picture Set Painters & Sign Writers Local 729, 132 F. Supp. 2d 1244, 1256 (C.D. Cal. 2000). In discussing preemption based on § 9 of the NLRA, the Ninth Circuit has held:

> The federal statutory duty which unions owe their members to represent them fairly also displaces state law that would impose duties upon unions by virtue of their status as the workers' exclusive collective bargaining representative . . . . To bring a successful state law action, aggrieved workers must make a showing of additional duties, if they exist, beyond the normal incidents of the union-employee relationship. Such duties must derive from sources other than the union's status as its members' exclusive collective bargaining representative, such as an express provision of the collective bargaining agreement or a collateral contract.

Adkins v. Mireles, 526 F.3d 531, 539-40 (9th Cir. 2008) (internal citations omitted).

When determining whether a claim is preempted by the duty of fair representation, "the court must look to the conduct at the heart of the controversy." Madison, 132 F. Supp. at 1257; see also Amalgamated Ass'n of Street, Elec. Ry. and Motor Coach

ORDER - 6

Employees v. Lockridge, 403 U.S. 274, 292 (1971).  Plaintiffs' WLAD claim is derived from two sets of factual allegations: (1) the Union failed to act on their complaints about NAT, and (2) the Union retaliated against them for complaining about NAT's discrimination by reducing the number of job referrals it provided to them.

Applying Adkins, Plaintiffs' claims are preempted because they are based on conduct that falls squarely within the Union's duty not to discriminate within "the normal incidents of the union-employee relationship." 526 F.3d at 539-40.  The duty to investigate and file grievances is a core function of union representation.  See Tenorio v. N.L.R.B., 680 F.2d 598, 601 (9th Cir. 1982).  Additionally, a union acts in its representative capacity when it refers members for employment.  Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6, 493 U.S. 67, 87 (1989).  Therefore, the conduct that the Plaintiffs allege all relates to the Union's duty to fairly represent its members, which is governed by the NLRA.  See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 563 (1990).  Plaintiffs' WLAD claim based on this conduct is preempted by federal law and the claim is DISMISSED with prejudice.

E. **Leave to Amend**

Finally, the Union argues that granting leave to amend would be futile because any re-characterized duty of fair representation claim pursuant to 29 U.S.C. § 159 would be barred by the statute of limitations.  Duty of fair representation claims are subject to a six-month statute of limitations.  Delcostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-70 (1983).  Such claims accrue when the plaintiff knew or should have known that the union breached its duty.  Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986).

ORDER - 7

When the alleged breach of duty relates to the failure of a union to file a grievance, the claim accrues when the member knew or should have known of the union's decision.  Id.

The Court concludes that any duty of fair representation claim against the Union would be barred.  Plaintiffs allege that they suffered harassment by NAT during 2009-2010, and that they were terminated for discriminatory reasons between May 2010 and December 2010.  Amended Complaint at ¶¶ 3, 6, 9, 12, 15.  They further allege that they complained to the Union about this treatment and asked it to file grievances, but the Union allowed the period for filing a grievance to lapse.  Id. at ¶¶ 5, 8, 11, 14, 17.  A grievance would lapse in 18 working days after the alleged violation if not transmitted by the Union to the employer.  See Detwiler Dec., Ex. D.  Thus, even taking the latest termination date of December 2010, all the Plaintiffs knew or should have known that the Union failed to act on their complaints by January 2011.  Similarly, Plaintiffs knew or should have known about the Union's alleged discriminatory refusal to refer them to other employers shortly thereafter.  This suit was filed in September 2012, well beyond the six-month statute of limitations.  Although the standard for leave to amend is generous, based on the dates provided in the Amended Complaint, the Court concludes that there are no additional facts that Plaintiffs could allege which are "consistent with the challenged pleading" and could cure the defect.  Reddy v. Litton Indus., Inc., 912 F.2d 291, 297 (9th Cir. 1990).

Defendant's motion is GRANTED and all claims are dismissed with prejudice.

IT IS SO ORDERED.

ORDER - 8

1  The Clerk is directed to send a copy of this Order to all counsel of record.

2  Dated this 24th day of July, 2013.

*[signature: Thomas S. Zilly]*

THOMAS S. ZILLY
United States District Judge

ORDER - 9